# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE L. CRISP III, | Case No. 1:13-cv-01899-SKO (PC) |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT, WITH LEAVE TO AMEND |
| v. | |
| WASCO STATE PRISON, et al., | (Doc. 8) |
| Defendants. | THIRTY-DAY DEADLINE |

## Second Screening Order

### I. Screening Requirement and Standard

Plaintiff Obie L. Crisp III, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 22, 2013. On November 27, 2013, the Court dismissed Plaintiff's two-hundred ninety-eight page complaint, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8(a). On December 19, 2013, Plaintiff filed an amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),

(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## II.    Discussion

### A.    Failure to Comply with Rule 8

In dismissing Plaintiff's complaint for failure to comply with Rule 8(a), the Court limited Plaintiff's amended complaint to twenty-five pages.  Excluding the two civil cover sheets and the proof of service, Plaintiff's amended complaint is twenty-six pages in length.  However, the reduction in length has not sufficiently clarified Plaintiff's claims.  Plaintiff offers insufficient detail where it matters, and more often, Plaintiff buries what might be relevant details amidst immaterial, extraneous, disjointed facts.  For example, Plaintiff alleges that "CNA's", who are presumably certified nursing assistants, caused him numerous rectal tears, but it is unclear how

staff was responsible for causing rectal tears, and it is unclear if the tears are the objectively serious medical condition allegedly disregarded by staff or if the tears are the harm Plaintiff suffered as a result of staff disregard for a related serious medical need.[1]  (Amend. Comp., court record p. 5.)

Meanwhile, Plaintiff devotes pages to what amount to meaningless allegations or arguments.  For example, Plaintiff alleges

> Due to the constant failure of medical staff of WSP to address my feces, concerns & injuries, worst yet was the open, animosity, hostility & resentment from both RN's & CNA's when I complaint of care & injuries.  Which forced me to make hard choices between being soiled with feces or speak out & risk intentional rectal tears by CNA's.
>
> Against the following Defendants: (1)Wasco State Prison, (2) CA Dept. of Corrections, (3) CA Correctional Health Care Services, (4) the State of California/Gov. Brown for failure to correct & or address & or intervene to resolve & or correct & or address actions of subordinates.  Even my appeal wrote (     ) wasn't granted til (     ) in the whole time gap, my pain, harm, mental anguish & suffering with injuries (4 rectum tears & others undocumented, continued. Violating: (1) Title II of the ADA in relation to hygiene & medical in normal person service & activities.  (2) 14th Amen against ADA being discriminated, I am ADA for mobility & impairment.  Having my bottom washed & cleaned of feces of part of my disability – related need - & medical care.  (3) Deliberate indifference to my serious medical conditions: morbid obesity & mobility impaired, resulting in pain, harm, mental anguish & suffering with injuries (numerous anus tears, that took weeks to heal.  (4) Bad living conditions, forced to live in fear, pain, either soiled with feces & or received intentional anus tears & rips.  (5) Inadequate & or negligence & or abusive care by WSP medical department, resulting in pain, harm, mental anguish . . . .

(Amend Comp., court record p. 5.)

These allegations fill ¾ of a page yet essentially say nothing meaningful in terms of stating facts in support of legal claims.  Plaintiff needs to plainly and clearly stated what happened to him and who was involved.  Vague assertions of ill motive and harm do not suffice, nor do allegations against unspecified staff members.  Plaintiff may not proceed under section 1983 against "CNA's" or "medical staff."

The Court recognizes that Plaintiff is proceeding pro se and it is mindful of its obligation to liberally construe pro se pleadings.  However, Plaintiff is clearly literate and capable of

---

[1] Plaintiff describes himself as morbidly obese, arriving at Wasco State Prison weighing seven-hundred pounds.  It appears that Plaintiff's medical issues relate to his weight, and the Court notes that he is now incarcerated at the California Health Care Facility in Stockton, which provides medical and mental health care to inmates with severe, long-term needs.

3

confining himself to setting forth relevant facts, and as such, he may not place the Court in the position of "'fish[ing] a gold coin from a bucket of mud.'" *Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir 2013) (quoting *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). It is Plaintiff's obligation to file a complaint that complies with Rule 8(a).

### B. Potentially Duplicative Lawsuits

Plaintiff currently has three civil rights cases pending in the Fresno Division of the Eastern District of California. All three cases are entitled *Crisp v. Wasco State Prison, et al.*, and they appear to share some of the same issues. At this juncture and in light of the other deficiencies identified herein, the Court declines to comb through the pleadings in all three cases, none of which can be described as containing clear, plain statements of Plaintiff's claims, to determine whether there exist duplicative claims. It suffices to warn Plaintiff that he is prohibited from pursuing the same claims for relief in multiple cases and if the Court determines he is doing so intentionally, he may be subject to sanctions.

### C. Misjoinder of Unrelated Claims Against Unrelated Defendants

In this case, Plaintiff names twenty-one defendants and his claims range from medical care issues to retaliation to violation of the Americans with Disabilities Act ("ADA"). As with the potential duplicative claims spread across three lawsuits, the Court declines to invest its scarce resources in attempting to sort out which claims are misjoined at this juncture. Plaintiff is warned, however, that he may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

### D. Section 1983 Claims Against State and Agencies Barred

Plaintiff names the State of California, the California Department of Corrections and Rehabilitation, Wasco State Prison, and California Correctional Health Care Services as defendants. However, the state and its agencies have absolute immunity from suit under section 1983, and the section 1983 claims against them are therefore dismissed from this action, with

prejudice.[2]  *E.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n.1 (9th Cir. 2012).

### E.  Legal Standards Applicable to Plaintiff's Claims

Based on Plaintiff's allegations, the Court will provide Plaintiff with the following basic legal standards to guide him in amending his complaint.  Plaintiff would be well-served to adhere to the standards in determining which of his many claims against many defendants he wishes to pursue in this action.

#### 1.  Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

#### 2.  Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

///

---

[2] The Eleventh Amendment does not bar claims brought under Title II of the ADA.  *Okwu v. McKim*, 682 F.3d 841, 845 (9th Cir. 2012).

5

### 3. Executive, Managerial, or Supervisory-Level Personnel

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *accord Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Snow*, 681 F.3d at 989) (internal quotation marks omitted); *accord Lemire*, 726 F.3d at 1074-75; *Lacey*, 693 F.3d at 915-16.

### 4. Americans with Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); *Simmons v. Navajo County*, 609 F.3d 1011, 1021-22 (9th Cir. 2010); *Pierce v. County of Orange*, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *accord Simmons*, 609 F.3d at 1021; *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

The quality of medical treatment provided to Plaintiff is not a basis upon which to impose liability under the ADA. *Simmons*, 609 F.3d at 1022 (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)). For example, Plaintiff alleges he is disabled and has a medical need for high-lace boots, without which he suffers chronic pain. This is an example of a medical care issue that is not redressable under the ADA. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Id.*

The Court also notes that individual capacity suits against individual prison employees in their personal capacities are precluded under the ADA. *E.g.*, *Heinke v. County of Tehama Sheriff's Dept.*, No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013); *White v. Smyers*, No. 2:12-cv-2868 MCE AC P, 2012 WL 6518064, at *6 (E.D. Cal. Dec. 13, 2012); *Mosier v. California Dept. of Corr. & Rehab.*, No. 1:11-CV-01034-MJS (PC), 2012 WL 2577524, at *8 (E.D. Cal. Jul. 3, 2012); *Roundtree v. Adams*, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting *Thomas v. Nakatani*, 128 F.Supp.2d 684, 691 (D. Haw. 2000)).

### 5. **Negligence**

Finally, the federal Constitution provides no redress for negligent medical care. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); *Snow v. McDaniel*, 681 F.3d 978, 987-88 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). To the extent Plaintiff is attempting to pursue negligence under state law, he is informed of two requirements.

First, the Court has no jurisdiction over a state law negligence claim in the absence of a viable federal claim. 28 U.S.C. § 1367(a); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

Second, Plaintiff may not pursue a state law negligence claim unless he has complied with California's Government Claims Act. Compliance must be affirmatively alleged, and compliance with the prison's inmate appeals process does not suffice to exhaust state law tort claims. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239 (Cal. 2004).

**III.    Conclusion and Order**

Plaintiff's amended complaint fails to comply with Rule 8(a) and fails to state any claims upon which relief may be granted. In an abundance of caution, the Court will provide Plaintiff with another opportunity to amend. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), and it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights, *Jones*, 297 F.3d at 934. There must be a causal connection between the actions or omissions of each named defendant and the violation of Plaintiff's rights. *E.g.*, *Lemire*, 726 F.3d at 1074-75. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's claims against the State of California and its agencies (California Department of Corrections and Rehabilitation, Wasco State Prison, and California Correctional Health Care Services) are dismissed, with prejudice, for failure to state a claim under section 1983;

2. Plaintiff's amended complaint is dismissed, with leave to amend;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;

5. Plaintiff's second amended complaint may not exceed **twenty-five (25) pages**; and

///
///
///
///

6.    If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **May 20, 2014**                      **/s/ Sheila K. Oberto**
                                                           UNITED STATES MAGISTRATE JUDGE