# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE L. CRISP III,<br><br>             Plaintiff,<br><br>    v.<br><br>WASCO STATE PRISON, et al.,<br><br>             Defendants.<br>_____/ | Case No. 1:13-cv-01899-SKO (PC)<br><br>ORDER DENYING MOTION TO TRANSFER CASE TO NORTHERN DISTRICT OF CALIFORNIA<br><br>(Doc. 9) |

Plaintiff Obie L. Crisp III, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 22, 2013. On May 14, 2014, Plaintiff filed a motion seeking to transfer this action to the San Francisco Division of the Northern District of California. Plaintiff, who is morbidly obese and suffers from painful arthritis, is currently incarcerated at the California Health Care Facility in Stockton, California. Plaintiff states he has a case pending in the Northern District and if this case goes to trial, it will be easier for all involved, and on him physically, if his multiple civil cases are tried in one courthouse.[1]

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are

---

[1] The case to which Plaintiff refers was transferred from the Northern District of California to the Sacramento Division of the Eastern District of California by order filed June 2, 2014. *Crisp v. California Health Care Facility, et al.*, 2:14-cv-01345-AC.

residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. . . ."  28 U.S.C. §1391(b).  The party seeking the transfer must meet an initial threshold burden by demonstrating that the action could have been brought in the proposed transferee district.  28 U.S.C. §1391(b); 28 U.S.C. § 1404(a); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985); *Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088, 1093 (N.D.Cal. 2013).

Here, the events at issue occurred at Wasco State Prison ("WSP"), which is in the Fresno Division of the Eastern District of California.  It is not yet known where the defendants reside, although given their employment at WSP, they likely do not reside in the Northern District of California given the substantial geographical distance.  Accordingly, in light of Plaintiff's failure to meet the initial threshold burden of demonstrating that this action could have been brought in the Northern District of California, his motion for a transfer is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **November 19, 2014**              /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE