# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE L. CRISP III,<br><br>  Plaintiff,<br><br>  v.<br><br>WASCO STATE PRISON, et al.,<br><br>  Defendants.<br>_____/ | Case No. 1:13-cv-01899-SKO (PC)<br><br>THIRD SCREENING ORDER (1) DISMISSING SECTION 1983 OFFICIAL CAPACITY CLAIMS, DEFENDANT KELSO, EQUAL PROTECTION CLAIM, COUNT V, UNRUH ACT CLAIM, AND CONTRACT CLAIM, AND (2) AUTHORIZING SERVICE OF THIRD AMENDED COMPLAINT ON EIGHTH AMENDMENT, ADA, RA, AND NEGLIGENCE CLAIMS<br><br>(Doc. 18) |

**Third Screening Order**

I.  **Procedural History**

Plaintiff Obie L. Crisp III ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities Act), and 29 U.S.C. § 794 (Rehabilitation Act) on November 22, 2013. Plaintiff also alleges pendent state-law claims. 28 U.S.C. § 1367(a).

On November 27, 2013, the Court dismissed Plaintiff's two-hundred ninety-eight page complaint, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8(a). On December 19, 2013, Plaintiff filed an amended complaint, which was dismissed on May 21, 2014, for failure to comply with Rule 8(a) and for failure to state any claims. Plaintiff filed a

second amended complaint in compliance with the order on June 23, 2014, and he filed a third amended complaint as a matter of right on November 26, 2014. Fed. R. Civ. P. 15(a)(1).

## II.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

"Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates," *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), and pro se complaints "may only be dismissed 'if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,'" *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)). "This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them." *Blaisdell*, 729 F.3d at 1241. However, the plaintiff must still set forth sufficient factual allegations, tempered in light of his pro se status, to

support a plausible claim for relief; the mere possibility of misconduct will not suffice. *See Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**III.    Discussion**

    **A.    Summary of Facts Underlying Plaintiff's Claims**

Plaintiff, who is presently incarcerated at California Health Care Facility in Stockton, is seeking monetary damages against Defendants Wasco State Prison; Receiver J. Clark Kelso; Doctors Youseff, Klang, and Soe Htay; Chief Nursing Executive Bradford; Senior Registered Nurses Suzan Grant, Chan, Larson, Kranrod, Medina, Cadiz, and Cisco; and Registered Nurses Stine, Pennelosa, Richardson, Joseph, and Doe 1 for violating his rights under federal and state law at Wasco State Prison-Reception Center ("WSP").[1]

Plaintiff alleges he arrived at WSP on or around June 12, 2012.[2] He was morbidly obese at almost seven-hundred pounds, mobility impaired, and a participant in the CCCMS level of mental health care.[3] Plaintiff was enrolled in the WSP Correctional Treatment Center's Long Term/Chronic Care Program ("LT/CCP"). The LT/CCP was designed to ensure that Plaintiff's past medical needs and/or documented health risks were thoroughly reviewed and monitored for future improvement or deterioration, including a weekly and monthly reporting requirement. The failure to shower daily was a documented risk to Plaintiff's health, as it resulted in skinfold tears and infections. Daily showers were, and continue to be, prescribed to address Plaintiff's medical needs and disabilities, an edict which was known to all of the named defendants.

To access the shower, Plaintiff had to be wheeled there, which required use of a functional

---

[1] Plaintiff alleges compliance with the Government Claims Act. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (West 2015); *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (Cal. 2007).

[2] The Court takes judicial notice of the fact that Plaintiff was admitted into the custody of the California Department of Corrections and Rehabilitation ("CDCR") on June 14, 2012, a fact which is publically available on CDCR's website. Fed. R. Evid. 201; *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) (courts may take judicial notice of matters of public record); *In re Yahoo Mail Litig.*, 7 F.Supp.3d 1016, 1024 (N.D.Cal. 2014) (publically accessible websites subject to judicial notice).

[3] CCCMS stands for Correctional Clinical Case Management Services, which is the lowest of the four levels of care within the prison system's Mental Health Services Delivery Program. *Coleman v. Schwarzenegger*, 922 F.Supp.2d 882, 903 (E.D. Cal. 2009). "The CCCMS level of care is for inmates whose symptoms are under control or in partial remission and can function in the general prison population, administrative segregation, or segregated housing units." *Coleman*, 922 F.Supp.2d at 903 n.24.

wheelchair.  Plaintiff relied heavily on his wheelchair and it began breaking down between February and March 2013.  On April 1, 2013, the wheelchair finally broke and Plaintiff was subsequently dragged in his wheelchair from his room to the shower for approximately one month, usually by Officer Price.  On or around April 28, 2013, Officer Price told Plaintiff that his wheelchair was not going to be fixed as long as Price was getting the job done, and Price informed the CTC nurses that they were going to have to drag Plaintiff around in his wheelchair.  Plaintiff's complaints were met by promises he would only miss his shower for one day or "a few days" because a wheelchair was going to be expedited or delivered overnight, but Plaintiff did not receive a new wheelchair.  (3rd Amend. Comp., court record p. 13.)

On or around May 7, 2013, Plaintiff learned that no one had informed United Health Services ("UHS") his wheelchair was broken.[4]  Plaintiff was told that if someone would call the home office, the UHS representative could replace the front wheels and have the chair back to Plaintiff in two days, but no one did anything or took the UHS representative up on his offer. Plaintiff alleges that between April 28, 2013, and June 1, 2013, he communicated verbally and in writing with Defendants Youseff, Klang, Bradford, Grant, Htay, Kranrod, Larson, Cadiz, Medina, and Chan, who either ignored Plaintiff or responded by making excuses.

At the time Plaintiff arrived at WSP, the prison had an old hand-crank Hoyer lift but at some point in time, WSP obtained a new "ADA weight capacity" lift that was specifically intended to accommodate Plaintiff by lifting him and carrying him to the shower.  (*Id.*, court record p. 15.)  Officer Price did a test run with the Hoyer lift on or around May 14, 2013, and it was successful.  Plaintiff informed the defendants, except for Cisco, of the successful test run and although the lift could have been used to ensure he received his daily shower, staff refused to use the lift.  Plaintiff alleges that staff members made notes in his medical records to make it appear he was receiving showers, to cover up the deterioration of his health.

Based on the foregoing facts, Plaintiff alleges separate "counts," although they are more accurately described as separate but intertwined issues or events giving rise to multiple claims for relief.  First, Plaintiff alleges that between April 23, 2013, and June 1, 2013, he was denied an

---

[4] It appears UHS was the outside supplier or vendor for Plaintiff's wheelchair.

4

adequate opportunity to bathe, which adversely affected his health given his need to be shower daily, a need which was documented in WSP daily shower chronos. Between those dates, Plaintiff spoke or wrote to Defendants Youseff, Bradford, Klang, Grant, Kranrod, Chan, Larson, Cadiz, and Medina regarding his need to access the shower via a functional wheelchair. The defendants either ignored Plaintiff or made excuses, as previously summarized.

Second, in April and May 2013, Plaintiff was denied the use of the Hoyer lift to access the shower, which would have allowed him to bathe daily. Plaintiff spoke or wrote to Defendants Htay, Youseff, Klang, Kranrod, Chan, Stine, and Pennelosa to request the Hoyer lift be used so he could shower but they refused, despite being aware that Officer Price did a successful test run with it on May 14, 2013. Plaintiff alleges these defendants lied by saying he was too heavy for the lift's weight capacity.[5]

Third, between April 28, 2013, and June 1, 2013, Plaintiff was denied access to a functional wheelchair. Plaintiff spoke or wrote to Defendants Youseff, Bradford, Klang, Grant, Kranrod, Chan, Larson, Cadiz, Medina, and Cisco regarding his need for a functional wheelchair but they either ignored Plaintiff or made excuses or false promises.

Fourth, Plaintiff alleges that on February 20, 2013, he suffered a massive rectal area injury so severe his blood soaked his towel and the injury took three weeks to heal. Plaintiff began informing Defendants Stine and Pennelosa about their subordinate certified nursing assistants' misconduct relating to injuries he sustained during perirectal cleanings. However, Defendants Stine and Pennelosa dismissed or minimized his complaints and took no steps to protect him. As a result, Plaintiff suffered months of unnecessary and preventable rectal injuries during "pericare." (*Id.*, court record p. 11.)

Plaintiff alleges that as a result of the broken wheelchair, staff refusal to use the lift, and his inability to shower daily, he suffered from pain, skin tears, and infections. Plaintiff also alleges that lack of a functional wheelchair impeded his mobility within his room. Based on these events, Plaintiff alleges federal claims for violation of the ADA, the RA, the Eighth Amendment,

---

[5] By the time of the events at issue in this action, WSP had the new lift that was allegedly purchased specifically to accommodate Plaintiff. (3rd Amend. Comp., 13:22-28.)

5

and the Equal Protection Clause of the Fourteenth Amendment, and state-law claims for violation of the Unruh Act (Cal. Civ. Code § 51) and negligence.[6]

### B. Claims

#### 1. Official Capacity Claims Under Section 1983

Defendant Kelso is named in his official capacity and Defendants Youseff, Klang, Htay, Bradford, Grant, Chan, Larson, Kranrod, Medina, Cadiz, Cisco, Stine, and Pennelosa are named in their official and personal capacities. However, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *accord Brown v. Oregon Dep't of Corrections*, 751 F.3d 983, 988-89 (9th Cir. 2014). While claims for prospective relief are not barred, *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013); *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010), Plaintiff is requesting only monetary damages and prospective relief would be barred in any event, as Plaintiff is no longer incarcerated at WSP and his claims arise from the past violation of his rights in 2013, *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012); *Rhodes v. Robinson*, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005). Therefore, no viable basis for any official capacity claims is presented and Plaintiff's section 1983 official capacity claims shall be dismissed. Because Defendant Kelso, who is the Receiver appointed to oversee prison medical care, is named only in his official capacity, he shall be dismissed from the action.[7]

#### 2. Equal Protection Claims

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); *Hartmann*, 707 F.3d at 1123; *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v.*

---

[6] Plaintiff mentions breach of contract for failure to fulfill the duty to care for him but this theory is frivolous, as inmates and staff do not enter into contracts governing care in prison. *First Commercial Mortgage Co. v. Reece*, 89 Cal.App.4th 731, 745, 108 Cal.Rptr.2d 23, 33 (Cal.Ct.App. 2001) (setting forth elements of breach of contract claim under California law).

[7] Plaintiff's third amended complaint sets forth no facts supporting the existence of a personal capacity claim against Defendant Kelso and Court can discern no basis for one given that Kelso was not personally involved in Plaintiff's care at WSP.

*Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702-03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); *Vill. of Willowbrook v. Olech*; 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff's third amended complaint sets forth no facts to support a plausible claim that he was intentionally treated differently from other similarly situated inmates.  The Court is mindful that pro se litigants should generally be afforded an opportunity to amend, *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), but Plaintiff's physical condition and related challenges do not seem reconcilable with a legal claim that requires he show he was treated differently from other inmates who were similarly situated, whether the basis for his claim is his disability or a "class of one," *see North Pacifica LLC*, 526 F.3d at 486 (citing *Vill. of Willowbrook*, 528 U.S. at 564) (a "class of one" theory is premised on "unique treatment rather than on a classification").  Given Plaintiff's allegations, which are detailed with respect to his condition and the alleged misconduct he suffered at WSP, the Court cannot discern any plausible factual basis for a viable equal protection claim.  Accordingly, this claim shall be dismissed, with prejudice, for failure to state a claim.

### 3. **Eighth Amendment Claims**

For Eighth Amendment claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a

purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014) (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

In this case, the Court finds that Plaintiff's allegations suffice, at the pleading stage, to support his claim that he had serious medical needs and Defendants Htay, Youseff, Bradford, Klang, Grant, Kranrod, Chan, Larson, Cadiz, Medina, Stine, Pennelosa, and Cisco were aware of those needs but disregarded them, resulting in harm to him. However, Plaintiff's "Count V" purports to be an Eighth Amendment claim arising out of "denial of accurate medical records." (3rd Amend. Comp., court record p. 20.) While falsification or alteration of medical records may supply facts relevant to an Eighth Amendment claim of deliberate indifference to serious medical needs, Plaintiff has no independent claim for relief under the Eighth Amendment for "denial of accurate medical records." *Snow*, 681 F.3d at 985; *Wilhelm*, 680 F.3d at 1122; *Jett*, 439 F.3d at 1096. Therefore, Count V, as a separate basis for additional claims, is dismissed, with prejudice, for failure to state a claim. In support of Count V, Plaintiff alleges that Defendants Richardson, Joseph, and Doe 1 made false entries in his medical records regarding his receipt of showers and/or the absence of skin tears, and that they did so to cover up staff medical misconduct, which delayed and/or hindered Plaintiff's ability to obtain help for his medical needs. These allegations are sufficient, viewed in the light cast by Plaintiff's third amended complaint in its entirety, to state a claim under the Eighth Amendment.

### 4. ADA and RA Claims

Plaintiff alleges violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), and he names WSP as a defendant. Title II of the ADA and section 504 of the RA prohibit discrimination on the basis of disability, and both provide for damages under certain circumstances. *Ervine v. Desert View Reg'l Med. Ctr.*, 753 F.3d 862, 868-69 (9th Cir. 2014); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *Duvall v. Cnty. of Kitsap*,

260 F.3d 1124, 1138 (9th Cir. 2001). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability," and "[t]o establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." *Lovell*, 303 F.3d at 1052. However, "[t]he ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)).

The Court finds that Plaintiff's allegations regarding lack of a functional wheelchair and the refusal of staff to accommodate his need to access the shower through the use of the Hoyer lift suffice, at the pleading stage, to state claims under the ADA and the RA. However, the failure to staff to afford Plaintiff daily showers as part of his medical care regimen and allegations concerning his perirectal injuries (Count IV) do not give rise to ADA or RA claims, as those are medical *treatment* issues.

### 5. <u>Unruh Act Claims</u>

Finally, California's Unruh Civil Rights Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all *business establishments* of every kind whatsoever." Cal. Civ. Code § 51 (West 2015) (emphasis added). However, the Court is unaware of any court holding that a prison is a business establishment; to the contrary, numerous district courts have held that jails and prison are not business establishments and, as a result, are not subject to suit under section 51. *Taormina v. California Dept. of Corr.*, 946 F.Supp. 829, 834 (S.D.Cal. 1996); *Huffman v. Parmo*, No. 11cv2829-LAB (DHB), 2013 WL 3795618, at *11 (S.D.Cal. 2013); *Rocha v. Cnty. of Tulare*, No. CV F 13-0796 LJO GSA, 2013 WL 4046373,

at *9-10 (E.D.Cal. 2013); *Wilkins-Jones v. Cnty. of Alameda*, No. C 08-1485 MHP, 2010 WL 4780291, at *9 (N.D.Cal. 2010) (granting county summary judgment on Unruh claim); *cf. Wilkins-Jones v. Cnty. of Alameda*, 859 F.Supp.2d 1039, 1048-49 (N.D.Cal. 2012) (finding Unruh Act covers private business acting within a prison and denying private business's motion to dismiss claim).  Accordingly, Plaintiff's Unruh Act claim shall be dismissed for failure to state a claim.

## IV.   Conclusion and Order

The Court has considered Plaintiff's allegations and it finds that the allegations suffice to state federal claims under the Eighth Amendment, the ADA, and the RA.  Plaintiff may also proceed on his pendant state-law negligence claim.  The other deficiencies discussed herein are not curable through amendment.  *Akhtar*, 698 F.3d at 1212-13; *Lopez*, 203 F.3d at 1130.

Accordingly, based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's section 1983 official capacity claims are dismissed from this action, for failure to state a claim;

2. Defendant Kelso, who is named only in his official capacity, is dismissed from this action, with prejudice, for failure to state a claim;

3. Plaintiff's equal protection claim is dismissed, with prejudice, for failure to state a claim;

4. Court V, "Denial of Accurate Medical Records," construed as a separate, independent claim for inaccurate medical records, is dismissed for failure to state a claim;

5. Plaintiff's breach of contract claim is dismissed, with prejudice, as frivolous;

6. Plaintiff's Unruh Act Claim (Cal. Civ. Code § 51) is dismissed, with prejudice, for failure to state a claim;

7. Plaintiff's claims for damages are limited to the following events or incidents: (1) the failure to ensure Plaintiff received an adequate opportunity to bathe to maintain his hygiene/health between April 28, 2013, and June 1, 2013; (2) the failure to provide Plaintiff with access to the Hoyer lift so he could be transported to the shower in April and May 2013; (3) the failure to provide Plaintiff with a functional

wheelchair between April 28, 2013, and June 1, 2013; and (4) the failure by Defendants Stine and Pennelosa to protect Plaintiff from harm by subordinate staff during perirectal cleanings; and

8. This action for damages shall proceed on Plaintiff's third amended complaint against Defendants Youseff, Klang, Htay, Bradford, Grant, Kranrod, Chan, Larson, Cadiz, Medina, Stine, Pennelosa, Cisco, Joseph, Richardson, and Doe 1 for violation of the Eighth Amendment and for negligence; and against Wasco State Prison, and/or against the appropriate named defendants in their official capacities, on Plaintiff's ADA and RA claims.[8]

IT IS SO ORDERED.

Dated:   **June 2, 2015**            /s/ Sheila K. Oberto
                                UNITED STATES MAGISTRATE JUDGE

---

[8] The federal system is one of notice pleading, Fed. R. Civ. P. 8(a); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001), and Plaintiff allegations provide sufficient detail for the defendants to "reasonably prepare a response," *see* Fed. R. Civ. P. 12(e).