# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE L. CRISP III, | Case No. 1:13-cv-01899-SKO (PC) |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT CISCO SHOULD NOT BE DISMISSED PURSUANT TO RULE 4(M) |
| v. | |
| WASCO STATE PRISON, et al., | (Doc. 27) |
| Defendants. | |

Plaintiff Obie L. Crisp III ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 22, 2013. On September 16, 2015, the Court directed the United States Marshal ("USM") to initiate service of the summons and third amended complaint on sixteen defendants. Fifteen of the sixteen defendants waived service and filed an answer to the third amended complaint on December 8, 2015. However, service was returned unexecuted as to Defendant Cisco. The USM was not able to identify this defendant.

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[1]

---

[1] Prior to December 1, 2015, Rule 4(m) provided for 120 days.

In cases involving a plaintiff proceeding in forma pauperis, the USM, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause…." *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendants is appropriate. *Id.* at 1421-22.

In this case, the USM was unable to identify anyone named Cisco. To the extent that Cisco is the nickname of a former employee named Francisco Hernandez, Mr. Hernandez is no longer employed at the prison and there is no forwarding address for him.[2] Referral of the matter to a Special Investigator with the California Department of Corrections and Rehabilitation to locate Mr. Hernandez was unsuccessful. Based on this information, the USM appears to have exhausted the avenues available to it in attempting to locate and serve Defendant Cisco. *Walker*, 14 F.3d at 1421-22. Plaintiff shall be provided with an opportunity to show cause why Defendant Cisco should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show good cause, Defendant Cisco shall be dismissed from this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Cisco should not be dismissed from this action; and

---

[2] Whether Cisco is Francisco Hernandez is not clear but at this juncture, the burden is on Plaintiff to provide sufficient information for the USM to identify and locate this defendant.

2. The failure to respond to this order or the failure to show good cause will result in the dismissal of Defendant Cisco from this action.

IT IS SO ORDERED.

Dated: **December 24, 2015**  /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE