# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE LEE CRISP, III,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WASCO STATE PRISON, et al.,<br><br>　　　　Defendants. | Case No. 1:13-cv-01899-AWI-SKO (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 34, 56)<br><br>**TWENTY-ONE DAY DEADLINE** |

Plaintiff, Obie Lee Crisp, III, is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff is proceeding on claims for violation of the Eighth Amendment and negligence under California Law against Defendants Youseff, Klang, Htay, Bradford, Grant, Kranrod, Chan, Larson, Cadiz, Medina, Stine, Pennelosa, Cisco, Joseph, Richardson, and Doe 1 based on (1) the failure to provide Plaintiff with both a functional wheelchair and/or access to the Hoyer lift between April 28, 2013, and June 1, 2013, which resulted in Plaintiff not receiving adequate opportunity to bathe/shower to maintain his hygiene/health; and (2) the failure by Defendants Stine and Pennelosa to protect Plaintiff from harm by subordinate staff during perirectal cleanings. (Doc. 19, 3rd Screen O; Doc. 23, Cog. Claim O.) The above allegations were also found to state cognizable claims against WSP, for violation of the Americans with Disabilities

1

Act ("ADA") and the Rehabilitation Act ("RA") based on the failure to both provide a functioning wheelchair and to make reasonable accommodations to facilitate Plaintiff's daily access to the shower.  (*Id.*)

On December 28, 2015, Defendants filed a motion for summary judgment raising Plaintiff's failure to exhaust available administrative remedies before filing suit in compliance with 42 U.S.C. § 1997e(a) with respect to his federal claims, Fed. R. Civ. P.1 56(c); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014).  (Doc. 34.)  On August 31, 2016, the Magistrate Judge issued Findings and Recommendations to deny Defendants' motion which was served that same date and gave twenty-one days for the parties to file objections.  (Doc. 56.)  Defendants filed their objections on September 12, 2016.[1]  (Doc. 57.)  The Findings and Recommendations found that for the inability to bathe/shower claim, though Defendants relied heavily on the identification requirements of Cal. Code Regs. Title 15, § 3084.2(a)(3) and the specificity requirements of § 3084.2(a)(4), they failed to meet their burden to show that those requirements were publicized or provided to Plaintiff for Plaintiff to have known that he needed to list all prison personnel he felt were involved/implicated and to give detailed accounts of their errors he complained of.  Failure to show that these requirements were conveyed to Plaintiff rendered the remedy unavailable since "essentially 'unknowable.'"  *Ross v. Blake*, ---U.S. ---, 136 S. Ct. 1850, 1859-60 (2016), quoting *Goebert v. Lee County,* 510 F.3d 1312, 1323 (11th Cir. 2007).  For the perirectal cleaning claim, the delay in processing Plaintiff's grievance constituted sufficient exhaustion, permitting the filing of the claim in federal court before a final decision was issued in the administrative process.

In their objections, Defendants make a number of arguments.  First, they challenge the applicability of *Ross*, noting that the case dealt with Maryland's administrative grievance process.  (Doc. 57, 3:11-13.)  It is true that the analysis is specific to the administrative remedy regime of each prison system: "a prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement." *Griffin v. Arpaio*, 557 F.3d 1117,

---

[1] Though Plaintiff has not filed objections, he will not be prejudiced by adoption of the Findings and Recommendations at this time since the ruling is in his favor.

1120 (9th Cir. 2009).  The Ninth Circuit has analyzed Arizona Department of Corrections' system and found that "when a prison's grievance procedures are silent or incomplete as to factual specificity, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Griffin*, 557 F.3d at 1120, quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Current CDCR regulations are detailed enough such that the *Griffin-Strong* standard does not normally apply to California state prisoners. See, e.g. *Watts v. Nguyen*, 2015 U.S. Dist. LEXIS 97737, *14-15 (E.D. Cal. July 27, 2015); *Shabazz v. Giurbino*, 2015 U.S. Dist. LEXIS 149002, *14-20 (E.D. Cal. Nov. 2, 2015); *Bulkin v. Ochoa*, 2016 U.S. Dist. LEXIS 23374, *14-16 (E.D. Cal. Feb. 24, 2016).  However, it is Defendants' burden to show that the applicable regulations were "publicized to inmates for Plaintiff to have known" what he/she needed to do. Leos v. Rasey, 2016 U.S. Dist. LEXIS 98232, *12 (E.D. Cal. July 27, 2016).  Plaintiff has attested to special circumstances that create an exception.  He states that "Defendant(s) never provided Plaintiff with either (A) Title 15 or (B) access to D.O.M. (Dept. Opp. Manual) [or] (C) 'WSP' Orientation Hand Book" and that "Due to being nearly 700 lbs, there was never any access to law library." Doc. 47, at 9 and 11.  The gist of Plaintiff's substantive complaint is that without a functioning wheelchair, he could not get anywhere within the prison, most significantly the shower/bathing area.  An inability to get to the library is a logical corollary.  Plaintiff's requests for administrative remedies were sufficient to alert the prison authorities of the nature of the wrong for which redress was sought.

  Second, Defendants assert that they met their burden because they submitted evidence showing Plaintiff received "informative screenouts" to guide his use of the grievance process. (Doc 57, 1:24-25.)  These documents referenced by Defendants come from Plaintiff's other inmate appeal grievances that do not form the basis for this suit and they do not give notice of the requirement that a prisoner must state all facts known and list all staff members involved as required under Cal. Code Regs. Tit. 15 § 3084.2(a)(3) and (4), the central issues of this motion. Those documents discuss the lack of a signature under Cal. Code Regs. Tit. 15 § 3084.6(b)(13) (Doc. 34-4, Ex. F); duplicativeness under Cal. Code Regs. Tit. 15 § 3084.6(c)(2) (Doc. 34-4, Ex. H); inclusion of extraneous materials under  Cal. Code Regs. Tit. 15 § 3084.2(a)(2) (Doc. 34-4,

Ex. I); and failure to state the relief requested under Cal. Code Regs. Tit. 15 § 3084.2(a) (Doc. 34-4, Ex. I).  These documents do not show that Plaintiff knew of the relevant requirements.

Finally, Defendants argue that the delay in processing of Plaintiff's grievance WSP-HC-13044350/WSP-SC-13000227 did not render the process unavailable.  Defendants assert that they should not forfeit this defense as they were diligent in processing Plaintiff's grievance and the delay was caused by the requisite interview process coupled with Plaintiff's transfer to another facility.  However, as correctly stated in the Findings and Recommendations, improper/untimely screening and/or processing of an inmate's administrative grievance "renders administrative remedies 'effectively unavailable . . . .'" *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010).  When a prison mistakenly handles a grievance in a way to cause delay, excusing the exhaustion requirement may be appropriate. See *Nunez v. Duncan*, 591 F.3d 1217, 1225-26 (9th Cir. 2010); cf. *Albino v. Baca*, 697 F.3d 1023, 1034 (9th Cir. 2012) ("affirmative actions by jail staff preventing proper exhaustion, even if done innocently, make administrative remedies effectively unavailable").  The delayed, and thus improper, processing and/or handling of WSP-HC-13044350/WSP-SC-13000227 rendered the administrative remedies effectively unavailable to Plaintiff on his claims regarding the injurious perirectal cleanings he was subjected to at WSP.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, issued on August 31, 2016 (Doc. 56), is adopted in full;
2. Defendants' motion for summary judgment, filed on December 28, 2015 (Doc. 34), is DENIED; and
3. Within twenty-one (21) days of the date of service of this order, the parties shall file statements as to whether a court supervised settlement conference would be beneficial.

//

//

4

1

2   IT IS SO ORDERED.

3   Dated:   September 28, 2016                                                   
4                                                        SENIOR DISTRICT JUDGE

5