# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE LEE CRISP, III,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WASCO STATE PRISON, et al.,<br><br>　　　　　Defendants. | Case No.  1:13-cv-01899-AWI-SKO (PC)<br><br>**AMENDED DISCOVERY AND SCHEDULING ORDER**<br><br>**(Docs. 30, 42, 47, 50, 55)**<br><br>Deadline to Amend Pleadings**: November 28, 2016**<br>Discovery Deadline**: January 30, 2017**<br>Dispositive Motion Deadline**: March 17, 2017** |

　　　　Plaintiff, Obie Lee Crisp, III, is a state prisoner proceeding *pro se* and *in forma pauperis*, in this civil rights action pursuant to 42 U.S.C. § 1983.  Defendants' motion for summary judgment based on Plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a) was recently denied.  (Docs. 56, 59.)  It is, therefore, appropriate to re-open discovery and to set the following schedule for this action.

　　　　Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed as follows:

**Discovery Procedures**

　　　　1.  Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Local Rule 135.  Discovery requests and responses shall not be filed with the Court unless required by Local Rules 250.2, 250.3 and 250.4.

　　　　2.  Responses to written discovery requests shall be due forty-five (45) days after the request is first served.  Responses to any discovery that had been served prior to the issuance of

the order that stayed discovery are due forty-five (45) days from the date of service of this order.[1] Boilerplate objections are disfavored and may be summarily overruled by the Court. Responses to document requests shall include all documents within a party's possession, custody or control. *See* Fed. R. Civ. P. 34(a)(1). Documents are deemed within a party's possession, custody or control if the party has actual possession, custody or control thereof, or the legal right to obtain the property on demand. Amendments to discovery responses served after the filing of and in response to a motion to compel are strongly disfavored, absent good faith. The parties are required to act in good faith during the course of discovery and the failure to do so may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules.

      3. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court. Nothing herein forecloses a party from bringing a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) if necessary.

      4. If discovery disputes arise, the parties shall comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 110, 130, 131, 133, 135, 142, 144, and 230(l) of the Local Rules of Practice for the United States District Court, Eastern District of California. A discovery motion that does not comply with applicable rules will be stricken and may result in imposition of sanctions. However, unless otherwise ordered, Local Rule 251 shall not apply, and the requirement set forth in Federal Rules of Civil Procedure 26 and 37 of a good faith conference or attempt to confer with the other party to resolve the dispute shall not apply. Voluntary compliance with this provision of Rules 26 and 37 is encouraged, and if the Court deems it appropriate in any given case, it will re-impose the meet

---

[1] This resolves Plaintiff's motion for discovery and to be allowed to propound interrogatories on Defendants. (Doc. 47.)

and confer requirement.  A moving party should not seek to compel production of documents which are equally available to that moving party, such as documents in plaintiff's central file.

**Amendment to Pleadings**

5. The deadline for amending the pleadings is November 28, 2016.  Plaintiff's motions for an extension of time up to the deadline to amend pleadings to provide identifying information for service of process on Defendant Cisco[2] are granted.  (Doc. 50, 55.)  Plaintiff's failure to provide such identifying information by November 28, 2016, will result in recommendation that, pursuant to Rule 4(m), Defendant Cisco be dismissed from this action.

**Filing Deadlines**

6. The deadline for the completion of all discovery, including filing all motions to compel discovery, is January 30, 2017.  Absent good cause, discovery motions will not be considered if filed after the discovery deadline.  Therefore, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel.

7. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is March 17, 2017.

8. **A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause.**

IT IS SO ORDERED.

Dated:   **October 2, 2016**                    /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] As previously noted, whether Defendant Cisco is "Francisco Hernandez" is unclear, but at this juncture, the burden is on Plaintiff to provide sufficient information for the USM to identify and serve this defendant.

3