# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE L. CRISP, III,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WASCO STATE PRISON, et al.,<br><br>　　　　　Defendants. | Case No. 1:13-cv-01899-AWI-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO STAY ACTION PENDING SETTLEMENT CONFERENCE**<br><br>**(Docs. 66, 67, 70, 71)** |

**I.　Background**

Plaintiff, Obie Lee Crisp, III, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 22, 2013 (Doc. 1) and is proceeding on claims of deliberate indifference to his serious medical needs and violation of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"). The parties have indicated that a court supervised settlement conference may be beneficial. (Docs. 65, 67.) Thus, a settlement conference before Magistrate Judge Kendall Newman is currently scheduled to take place on January 6, 2017. (Doc. 68.)

Plaintiff has filed four motions requesting that all proceedings in this action be stayed until completion of the settlement conference. (Docs. 66, 67, 70, 71.) Defendants have filed neither oppositions, nor statements of non-opposition. These motions are deemed submitted. L.R. 230(*l*).

**II.　Modification of Scheduling Order**

A party seeking leave of court to amend the schedule of a case must satisfy Federal Rule

1

of Civil Procedure[1] 16(b)'s "good cause" standard.  The good cause standard of Rule 16(b) focuses primarily on the diligence of the moving party, *id*., and the reasons for seeking modification, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist*., 654 F.3d 975, 984 (9th Cir.2011).  If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify.  *Zivkovic v. Southern California Edison, Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff fails to show that he has exercised due diligence in any of his motions to stay the action pending the settlement conference.  His only statement is that he needs ninety days to research and prepare for the settlement conference.  The current Amended Discovery and Scheduling Order issued in this case on October 3, 2016.  (Doc. 63.)  Though Plaintiff filed his first motion requesting a stay on October 14, 2016, he fails to provide justification for delaying all activities in this action, which is already over three years old, until after the settlement conference.  Likewise, Plaintiff has already had approximately three years within which to research and familiarize himself on the legal issues for his claims in this action.  Plaintiff fails to show due diligence upon which to modify the scheduling order.

### III.    Stay of Proceedings

A district court has the inherent power to stay its proceedings, or any portion thereof.  This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. North American Co*., 299 U.S. 248, 254 (1936); *see also Gold v. Johns–Manville Sales Corp*., 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand).  This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at 254–55.  In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *."  Any reference to other statutory authorities shall so indicate.

the case before the court is stayed. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.1962). The Ninth Circuit "has sustained or authorized in principle *Landis* stays on several occasions." *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir.2005).

There is no basis upon which to find that Plaintiff will be subjected to hardship or inequity if the action is not stayed, nor is the case likely to be simplified to conserve judicial resources if a stay is granted. Rather, if a stay is granted, there is risk of prejudice to Defendants from fading memories -- which, given the age of this case, has likely already begun. There is also no basis upon which find that the settlement conference is more likely to be successful if the parties do not continue to engage in discovery prior thereto. To the contrary, engaging in discovery may well educate Plaintiff on the legal issues and the strengths and weaknesses of his claims which would assist his preparation for the settlement conference. As such, it is not reasonable to stay this action pending the settlement conference.

**IV.     Order**

Accordingly, it is HEREBY ORDERED that Plaintiff's motions to stay this action until after the settlement conference (Docs. 66, 67, 70, 71) are DENIED.

IT IS SO ORDERED.

Dated:     **November 29, 2016**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE