# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE L. CRISP, III, | Case No. 1:13-cv-01899-AWI-SKO (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS DEFENDANT CISCO PURSUANT TO RULE 4(M) |
| v. | |
| WASCO STATE PRISON, et al., | (Docs. 27, 33, 50) |
| Defendants. | THIRTY (30) DAY DEADLINE |

## I. FINDINGS

### A. Procedural History

Plaintiff, Obie Lee Crisp, III, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's claims for violation of the Eighth Amendment and negligence under California Law against Defendants Youseff, Klang, Htay, Bradford, Grant, Kranrod, Chan, Larson, Cadiz, Medina, Stine, Pennelosa, Cisco, Joseph, Richardson, and Doe 1 based on (1) the failure to provide Plaintiff with both a functional wheelchair and/or access to the Hoyer lift between April 28, 2013, and June 1, 2013, which resulted in Plaintiff not receiving adequate opportunity to bathe/shower to maintain his hygiene/health; and (2) the failure by Defendants Stine and Pennelosa to protect Plaintiff from harm by subordinate staff during perirectal cleanings. (Doc. 19, 3rd Screen O; Doc. 23, Cog. Claim O.) The above allegations were also found to state cognizable claims against WSP, for violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA")

based on the failure to both provide a functioning wheelchair and to make reasonable accommodations to facilitate Plaintiff's daily access to the shower.  (*Id.*)  All of the Defendants, except Crisp, have made appearances in the action.  The U.S. Marshal was unable to locate Defendant Cisco, and service was returned un-executed on November 6, 2015.  (*See* Docs. 27, 28.)

On December 28, 2015, Plaintiff was ordered to show cause why Defendant Cisco should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 33.)

### B. Legal Standard

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the Court, shall serve the summons and the complaint.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties."  *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ."  *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate.  *Walker*, 14 F.3d at 1421-22.

### C. Analysis

The Marshal's Office has exhausted the avenues available to it in attempting to identify any CDCR employee named "Cisco" -- let alone locate any such Defendant for service.  *Walker*,

14 F.3d at 1421-22. Accordingly, on December 28, 2015, an order issued for Plaintiff to show cause ("OSC") why Defendant Cisco should not be dismissed pursuant to Rule 4(m).[1] (Doc. 33.)

In his response to the OSC, Plaintiff submits a brief declaration requesting that Defendant Cisco (Francisco Hernandez) not be dismissed because when he asked staff at WSP the name "of the tall Hispanic SRNII," they all stated his name was "Cicso." (Doc. 50, p. 2.) Plaintiff also states that when he spoke with the SRNII and asked his name, the response was "Cisco." (*Id.*) Plaintiff further states that prison staff "have a long history of refusing to provide their names," so that inmates are unable to file grievances. (*Id.*)

This action has been pending for over three years and the dispositive motion filing deadline for all parties in the action is approaching on March 17, 2017. (Doc. 63.) Plaintiff's time for identifying and serving Defendant Cisco has been extended well beyond the 120 days from the filing of the Complaint as allowed in Rule 4(m); the operative pleading, the Third Amended Complaint, was filed over two years ago on November 26, 2014. (Doc. 18.)

While good cause initially existed to allow extension beyond the 120 day service deadline of Rule 4(m), Plaintiff has not shown good cause to extend the time for service of Defendant Cisco any further. It is Plaintiff's obligation to provide information necessary to identify and locate a given defendant. Plaintiff has not done and admits that he is unable to do so. Good cause does not exist to extend the time for service of the operative complaint in this action on Defendant Cisco any further.

## II.     RECOMMENDATION AND CONCLUSION

Plaintiff has failed and is unable to provide sufficient information upon which to identify and locate Defendant Cisco for service of summons in this action. Good cause does not exist to grant further extension. Fed. R. Civ. P. 4(m). Accordingly, it is HEREBY RECOMMENDED that Defendant Cisco and all claims against him be dismissed without prejudice from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

---

[1] As noted in the OSC, the Marshall's Office discovered that "Cisco" might have been the nickname of a former employee, named Francisco Hernandez. However, Francisco Hernandez is no longer employed at the prison and there is no forwarding address for him.

**thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **December 6, 2016**                    /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE

4