# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE LEE CRISP,<br><br>    Plaintiff,<br><br>v.<br><br>WASCO STATE PRISON, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01899-AWI-SKO (PC)<br><br>**ORDER GRANTING, IN PART, PLAINTIFF'S MOTION REGARDING TRANSPORTATION WRIT FOR SETTLEMENT CONFERENCE**<br><br>**(Doc. 72)** |

Plaintiff, Obie Lee Crisp, III, is a state prisoner, proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Both sides of this action indicated that they believed a court supervised settlement conference would be beneficial. Thus, on October 25, 2016, the case was scheduled for a settlement conference with Magistrate Judge Kendall J. Newman at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25 on January 6, 2017 at 9:00 a.m. (Doc. 68.)

On October 28, 2016, Plaintiff filed a motion for order and *writ of habeas corpus ad testificandum* to issue and requested that he be transported from his current facility of incarceration, California Health Care Facility ("CHCF"), to the settlement conference, and back to CHCF, on January 6, 2017. (Doc. 72.) Plaintiff requests same day transport and return as he is afraid that he will lose his assigned bed if he is away from CHCF for more than 48 hours. (*Id.*)

The order setting the settlement conference indicated that a *writ of habeas corpus ad testificandum* would issue to ensure Plaintiff's attendance at the settlement conference. (Doc. 68.) The Court has signed the *writ* and it is being processed for delivery to CHCF. This Court is

unable to require prison staff to ensure Plaintiff is transported to the settlement conference and back to CHCF within a given number of hours, as the Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which Plaintiff is proceeding. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).

This is not to say that Plaintiff's concern over possibly losing his assigned bed if he is away from CHCF too long is not legitimate. Indeed, the fact that Plaintiff's medical condition cannot be properly attended to at regular penal facilities gave rise to his claims in this action. Thus, the Warden and the Litigation Office at CHCF are requested to look into the matter and facilitate Plaintiff's transport for the settlement conference, ensuring that his assigned bed at CHCF will not be jeopardized.[1]

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for *writ of habeas corpus ad testificandum*, filed on October 28, 2016, is GRANTED in as much as a *writ* was recently signed and is being processed for his transport, but his request to be transported and returned to CHCF on the same day as the settlement conference is DENIED for lack of jurisdiction. The Clerk's Office shall forward a copy of this order and Plaintiff's motion to the Warden's office and to the Litigation Coordinator at California Health Care Facility to make them aware of Plaintiff's concerns and take precautions to preserve his assigned bed for his continued use after the settlement conference.

IT IS SO ORDERED.

Dated:   **December 6, 2016**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] How best to facilitate Plaintiff's attendance at the settlement conference and reservation of his assigned bed, in light of his housing status and other custody or classification factors, is left to the sound discretion of prison officials.